**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTHONY WAYNE JOHNSON, JR.** | )<sup>ED</sup> **NO. CV 09-822-GW(CT)** |
| | ) |
| **Petitioner,** | ) **MEMORANDUM AND ORDER** |
| | ) **DISMISSING PETITION FOR WRIT** |
| **v.** | ) **OF HABEAS CORPUS BY A** |
| | ) **PERSON IN STATE CUSTODY** |
| **A. HEDGPETH, Warden,** | ) |
| | ) |
| **Respondent.** | ) |
| _____ | ) |

On April 28, 2009, Anthony Wayne Johnson, Jr., ("petitioner"), proceeding pro se, filed this federal petition for writ of habeas corpus challenging a 2005 California conviction for misdemeanor battery and its resulting, and now expired, 14-day sentence. Petitioner is currently serving a 15-year, 8-month sentence in California as a result of subsequent firearm-related convictions. Because petitioner is not "in custody" pursuant to the conviction he seeks to challenge here, this matter is **DISMISSED WITH PREJUDICE.**[1]

_____

[1] Nothing in this order, however, precludes petitioner from filing a timely and fully exhausted petition challenging the conviction pursuant to which he is currently in custody.

## SUMMARY OF STATE COURT PROCEEDINGS

According to the petition and the exhibits attached to it, on April 26, 2005, petitioner pled guilty in San Bernardino County Superior Court case no. MWV096528 to misdemeanor battery ("the misdemeanor conviction"). He was sentenced to 14 days in custody as a result.

On November 22, 2006, a San Bernardino county jury convicted petitioner in case no. FWV038022 ("the felony conviction") of two counts of unlawful firearm activity, two counts of shooting at an occupied motor vehicle, and assault with a firearm. He was sentenced to 15 years, 8 months in state prison.

On December 20, 2006, petitioner filed a direct appeal of the felony conviction, which was denied on November 8, 2007. He petitioned the California Supreme Court for review, which was denied on January 24, 2008.

He then filed a series of habeas petitions in the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court. Most recently, according to the California Courts online case information system,[2] on March 2, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, case no. S170923, which is pending.

This federal petition followed.

## PETITIONER'S CONTENTIONS

Petitioner raises two grounds in his federal petition. The first challenges the adequacy of his trial counsel in his misdemeanor case. The second proclaims that he is innocent of the

---

[2] www.appellatecases.courtinfo.ca.gov

misdemeanor conviction and contends that the purported victim, his former girlfriend, lied to the police and the court and later recanted her accusations.

The gravamen of the petition, however, is that his current felony sentence is unconstitutional because the trial court relied on the allegedly improper misdemeanor conviction as a basis for enhancement.

**DISCUSSION**

A. **Duty to Screen**

This court has a duty to screen applications for habeas corpus relief. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes; see also Calderon v. United States Dist. Court for the N. Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996) (concurring opinion). If it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not then entitled to relief in the district court, the judge shall make an order for summary dismissal of the petition. Rules Governing § 2254 Cases in the United States District Courts, Rule 4; see also Local Civil Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from face of petition and attached exhibits that petitioner is not entitled to relief).

B. **"In Custody" Requirement**

A federal court may entertain a habeas petition brought by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a)

1    (1996).  This means that a federal habeas petitioner must "be 'in

2    custody' under the conviction or sentence under attack at the time

3    his petition is filed."  See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91

4    (1989) (citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968)). A

5    habeas petitioner does not remain "in custody" under a conviction

6    after the sentence imposed for it has fully expired, even if the

7    prior conviction has been or will be used to enhance the sentence

8    imposed for any subsequent crime of which he is convicted.  <u>Id.</u>

9    "When the second sentence is imposed, it is pursuant to the second

10   conviction that the petitioner is incarcerated and is therefore 'in

11   custody.'" <u>Id.</u>   Accordingly, it is that conviction that a

12   petitioner must challenge.  <u>See</u> <u>id.</u>

13       Petitioner is currently in state custody, but not pursuant to

14   the 2005 misdemeanor conviction and resultant 14-day sentence he is

15   challenging here, which has expired.  He is, instead, incarcerated

16   now due to his later felony conviction.

17       Indeed, in the order denying one of petitioner's 2008 state

18   court habeas petitions, by which he apparently challenged the

19   misdemeanor conviction, San Bernardino Superior Court Judge John P.

20   Wade denied the petition for a number of reasons, including that

21   the misdemeanor conviction had expired:

22       The petitioner is not in custody for case no. MWV 096528.
         Habeas Corpus only applies to persons in custody.
23
     (Pet., attached April 11, 2008, order).
24

25       Petitioner challenges his expired misdemeanor conviction only

26   because he contends it was used to enhance his current sentence.

27   Because petitioner is no longer in custody under that misdemeanor

28   conviction and sentence, however, this court lacks jurisdiction to

1  consider a habeas challenge to it.  See Maleng v. Cook, 490 U.S. at

2  491-92.

3       In any event, once the foundational conviction is no longer

4  subject to review, there is no federal constitutional right to

5  challenge an enhanced sentence on the ground that a foundational

6  conviction was unconstitutionally obtained.  Lackawanna County

7  Dist. Atty. v. Coss, 532 U.S. 394, 403 (2001).

8       Because habeas relief is therefore precluded here,[3] IT IS

9  ORDERED that the petition is denied and dismissed with prejudice.

10 DATED: July 18, 2009

11                          _____

12                          GEORGE H. WU
                            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

_____

21      [3]  It appears, too, that the petitioner has not exhausted
   his state court remedies.

22      A state prisoner must exhaust state court remedies before
   petitioning for a writ of habeas corpus in federal court.  28

23 U.S.C. § 2254 (b).  Where there is a petition for collateral
   review pending in state court, the exhaustion requirement is not

24 satisfied.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.
   1983). Rather, when a state petition is pending, the would-be

25 habeas petitioner must await the outcome of his state proceeding
   before his state remedies are exhausted, even where the issue to

26 be challenged in the federal writ of habeas corpus has been
   finally settled in the state courts.  Id.

27      Here, a petition for writ of habeas corpus brought by
   petitioner is currently pending before the Supreme Court of

28 California in case no. S170923.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1